UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KIMBERLY ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 2:14-cv-00186-JAW |
| | ) |
| ATRIA SENIOR LIVING, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON ORAL ARGUMENT**

On April 30, 2014, Kimberly Adkins filed a complaint in this Court, containing two counts: (1) sex-based discrimination under the Maine Human Rights Act (MHRA), and (2) retaliation under the Maine Human Rights Act. *Pl.'s Compl. for Hostile Work Environment and Retaliation* (ECF No. 1). On June 23, 2014, Ms. Adkins filed an amended complaint, containing five counts, including the two original counts and adding (3) discrimination under Title VII of the Civil Rights Act of 1964 (Title VII), (4) retaliation under Title VII, and (5) per se slander. *Pl.'s Am. Compl. for Discrimination and Retaliation* (ECF No. 4). On July 11, 2014, Ms. Adkins filed a second amended complaint. *Pl.'s Second Am. Compl. for Discrimination and Retaliation* (ECF No. 7) (Am. Compl.). On September 30, 2014, Atria Senior Living, Inc. (Atria) filed a motion to dismiss. *Mot. of Def. Atria Senior Living, Inc. to Dismiss Pl.'s Second Am. Compl.* (ECF No. 13) (Def.'s Mot.). Ms. Adkins responded on October 21, 2014. *Pl.'s Mem. of Law In Opp'n to Def.'s Mot. to Dismiss* (ECF No. 14) (Pl.'s

Opp'n). Atria replied on November 4, 2014. *Def.'s Atria Senior Living Inc.'s Reply to Pl.'s Opp'n to Mot. to Dismiss Second Am. Compl.* (ECF No. 15) (Def.'s Reply).

Having reviewed the memoranda, the Court has determined that oral argument is necessary. In anticipation of oral argument, the Court has determined that there are certain legal issues not fully addressed in the current memoranda and the Court orders the parties to file memoranda on the following issues, all of which involve the timeliness of her MHRA claims:

**I.    THE TIMELINESS OF MS. ADKINS' MHRA CLAIMS**

The applicable provisions of the MHRA require that an action must be commenced not more than either 2 years after the act of unlawful discrimination complained of or 90 days after the Maine Human Rights Commission (MHRC) dismissed Ms. Adkins's claim. *See* 5 M.R.S. §§ 4613(2)(C), 4622(1)(A).

As the Court understands the parties' positions, there is no dispute that Ms. Adkins missed both deadlines. She filed her first complaint in this Court on April 30, 2014 and she was terminated from employment on March 12, 2012. She therefore missed the two-year deadline. The MHRC issued its statement of finding on January 28, 2014 and April 30, 2014 is 92 days after January 28, 2014. She therefore missed the 90-day deadline by two days. The parties dispute whether Ms. Adkins's MHRA claims should be dismissed as untimely because she filed her initial complaint 92 days after the MHRC issued its letter; Ms. Adkins has requested equitable tolling relief.

2

With this background, the Court observes that although Ms. Adkins claims it would be inequitable to require her to have filed her MHRA complaint while her claim was pending before the EEOC, the Court agrees with the Defendant that Ms. Adkins has cited nothing to support her equity claim. In the circumstances of this case, where the time limit was narrowly missed and there was a pending EEOC claim, the Court is concerned that it would be inequitable to decide that there is no equitable relief without giving the parties, particularly the Plaintiff, a further opportunity to address the question of tolling.

To this end, the Court would benefit from a more detailed explanation from the parties, particularly the Plaintiff, as to the following:

1.  Ms. Adkins failed to file an initial complaint within the 90-day deadline. She has not explained why she did not file an initial complaint under the MHRA and then file an amended complaint once the EEOC issued its letter. Do counsel have any authority on this issue?

2.  Under Maine law, is equitable tolling available to Ms. Adkins on her MHRA claims? The Law Court has distinguished equitable tolling from another doctrine, equitable estoppel, stating that:

> The doctrine of equitable estoppel is distinct from the doctrine of equitable tolling. In cases of equitable estoppel, the statute of limitations has expired and the defendant asserts the running of the statute of limitations as a defense. The defendant, however, is estopped from benefitting from the statute of limitations as a defense because the defendant has acted in such a way as to cause the claimant to forego filing a timely cause of action. In contrast, in cases involving the doctrine of equitable tolling, the defendant does not have the statute of limitations as a valid defense because it has not yet run. Rather, the

>   statute of limitations is tolled when strict application of the statute of limitations would be inequitable.

*Dasha v. Maine Med. Ctr.*, 665 A.2d 993, 995 n.2 (Me. 1995) (internal citations omitted).  Here, the statute of limitations expired before Ms. Adkins filed her complaint.  Does that make equitable tolling unavailable to her?  Additionally, has Ms. Adkins made any allegations that would entitle her to relief under the equitable estoppel doctrine?

    3.    On what specific legal grounds should the Court grant or deny Ms. Adkins's request for equitable tolling relief?

>   a.    To the extent that Maine employment law generally tracks Title VII law, may the Court apply federal law and equitably toll the MHRA filing deadline?  The Law Court has not said that the MHRA is subject to equitable tolling, but Maine law generally tracks federal law.  Under federal law, the EEOC filing deadline is subject to equitable tolling.  *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982); 29 C.F.R. § 1614.604(c).  Title VII and the MHRA differ slightly in this area, however.  Title VII has only one deadline, which is the deadline to file a charge of discrimination either 180 or 300 days after the cause of action accrues.  In contrast, the MHRA filing deadline is the later of two deadlines: one deadline for filing a complaint with the MHRC after the cause of action accrues, and a second deadline for filing suit after the MHRC rules on an employee's charge.  *See* 5 M.R.S. §§ 4613(2)(C), 4622(1)(A).  How does this difference weigh into the analysis of tolling

the second MHRA deadline using federal equitable tolling principles?

Could the Court toll the first filing deadline instead?

    b.      Do any other grounds for equitable tolling exist in this case?

The Court orders seriatim briefing on the above issues.  The Court will set oral argument at a time mutually convenient to the Court and the parties.  Once the date for oral argument is set, the Plaintiff is to file additional briefing no later than two weeks before oral argument and the Defendant is to respond no later than one week before oral argument.

    SO ORDERED.

                                          /s/ John A. Woodcock, Jr.
                                          JOHN A. WOODCOCK, JR.
                                          UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2015